UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JERRIANNE BALDWIN,    )<br>                                                 )<br>     Plaintiff,                              )<br>                                                 )<br>v.                                             )      2:11-cv-00184-JAW<br>                                                 )<br>TRAFFIC CONTROL LLC, et al.,    )<br>                                                 )<br>     Defendants                          ) | |

## RECOMMENDED DECISION

Jerrianne Baldwin has sued two of her former corporate employers, Traffic Controls, LLC and Shaw Brothers, under the Fair Labor Standards Act (FLSA) and state law alleging that she and others employed as flaggers by the defendants were paid below the minimum overtime hourly rate for all worked performed above forty hours in any particular week. Baldwin has also sued Nelson Foley, Jr., who was an owner and an officer of Traffic Control, LLC, and allegedly actively managed, supervised, and directed the business affairs of the limited liability corporation so as to be an "employer" within the meaning of the FLSA and 26 M.R.S. § 664. Foley, who is a self-represented litigant[1], has now moved to dismiss the complaint, claiming lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and (2). He has also moved to dismiss under Rule 12(b)(3), for improper venue, Rule 12(b)(6) for failure to state a claim, and Rule 12(b)(7), for failure to join a party. Tucked into Foley's written argument is a further claim that the matter

---

[1]   It is unclear whether Foley thinks he is bringing the motion to dismiss on behalf of Traffic Controls, LLC and Shaw Brothers as well as himself. There are no allegations as to whether Foley even has any ownership interest in Shaw Brothers, apparently a general contractor involved in the project where Baldwin worked. (See Doc. No. 4-2.) Foley is identified as the owner/manager of Traffic Control, LLC. On its face the motion is filed only on behalf of Nelson Foley, Jr. and, as I am recommending that the motion be denied, there is no need to wrestle with the thorny question of whether Foley can represent the limited liability corporation in federal district court in Maine. See Maine Human Rights Comm'n v. Coffee Couple, LLC , 1:10–cv–00180–JAW, 2011 WL 1115020, 1(D.Me. Mar. 25, 2011).
    Shaw Brothers has yet to respond to the suit. The court docket shows that a summons issued as to this defendant on May 4, 2011. (Doc. No. 3-2.) There has been no proof of service filed with the court.

should be dismissed pursuant to Federal Rule of Civil Procedure 11 as a frivolous and vexatious lawsuit. Foley also claims that his due process and equal protection rights were violated because Baldwin did not exhaust available state legal procedures prior to filing suit in federal court, presumably calling for dismissal under Rule 12(b)(6). I now recommend that Foley's motion to dismiss be denied.

*Motion to Dismiss Legal Standards*

The First Circuit summarized the current motion to dismiss standard in Decotiis v. Whittemore: "The Federal Rules of Civil Procedure require a complaint to set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" 635 F.3d 22, 29 (1st Cir. 2011) (quoting Fed. R. Civ. P. 8(a)(2)). "To survive a motion to dismiss, this short, plain statement must 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,' and allege 'a plausible entitlement to relief.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544. 555, 559 (2007)).[2] Applying this "standard is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. __, __, 129 S.Ct.1937, 1950 (2009)).

Foley's motion introduces exhibits consisting of letters exchanged between counsel for plaintiff and one of the defendants and a letter authored by Foley sent to plaintiff's counsel. Baldwin's complaint does not describe or mention these letters nor does the complaint contain any allegations about exhausting available state law process. There are no documents attached to the complaint itself and no other materials in the record that are properly considered by the court on this motion. See Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33-

---

[2] Foley has not argued that Baldwin's complaint allegations are not plausible. See Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct.1937 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). See generally Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1 (1st Cir. 2011). This complaint about wage payment under state and federal law certainly does not require the Court to plumb the dividing line between what is and is not plausible under Civil Rule of Procedure 8 after Iqbal and Twombly.

34 (1st Cir. 2001) (ordinarily the court cannot consider any documents outside of the complaint without converting the motion into one for summary judgment).

On July 8, 2011, this Court received an untimely reply from Foley accompanied by multiple attachments, totaling 84 pages. (Doc. No. 6.) This is the kind of documentary overload that signals that a case like this is not ready for judgment at the motion to dismiss phase of litigation.[3]

*The Complaint Allegations*

The complaint consists of five separate counts, alleging a federal violation of the FLSA, 29 U.S.C. § 201, and state violations of overtime law, 26 M.R.S. § 664, violation of posted fair minimum rate of wages, 26 M.R.S. § 1312, entitlement to relief as the third party beneficiary of a contract, and action on a bond.

The allegations are as follows. Baldwin regularly worked several hours per week above forty hours, but the defendants did not pay her at the minimum overtime rate for her overtime hours worked. (Compl. ¶ 6.) A certain number of the overtime hours worked by Baldwin occurred during weeks when she was jointly employed by the three defendants, but other overtime hours occurred during weeks when she was employed only by defendant Traffic Control, LLC and defendant Nelson Foley, Jr. (Id. ¶ 7.) According to Baldwin, the defendants willfully engaged in a pattern and practice of unlawful conduct by paying Baldwin less than the mandatory overtime hourly rate. (Id. ¶ 8.)

Baldwin brings this claim under the FLSA on her own behalf and on behalf of all flaggers who were employed during the same week by the three defendants and who were so employed by the three defendants during a period of three years prior to the date of the commencement of

---

[3] Foley faults Baldwin for not supporting her complaint with record support. Foley certainly misconceives the Federal Rule of Civil Procedure 8 pleading requirements as, in a suit such as this, normally the Court would not entertain outside documentation at the motion to dismiss phase of litigation.

this action and who have not been compensated at the minimum hourly overtime rate of pay for time for all work performed above forty hours in any particular week. Baldwin is a member of the proposed collective action on whose behalf these claims are brought. (Id. ¶ 9.) A claim for relief for violations of the FLSA may be brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) of the FLSA, on all claims asserted by the named plaintiff, because the claims of the named plaintiff are similar to the claims of the putative members of the collective action. The Collective Class is: "All persons employed as flaggers who were paid below the minimum overtime hourly rate within three years prior to the filing of the Complaint and who were employed by the defendants during the same weeks." (Id. ¶ 10.) Potential "opt-in" members of the collective action are similarly situated to the named plaintiff. They have substantially similar job requirements and pay provisions. They are subject to the same common practices, policies, and plans that permit them to work for wages below the minimum overtime wage. They all work as non-exempt employees for the defendants. They all suffer damages in the nature of lost wages, resulting from the defendants' wrongful conduct. (Id. ¶ 11.) According to Baldwin, the defendants' unlawful conduct has been widespread, repeated, and consistent (id. ¶ 12) and the conduct of defendants Traffic Control, LLC and Foley, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Baldwin and the collective class. (Id. ¶ 13.)

Plaintiff Jerrianne Baldwin worked as a laborer within the meaning of 26 M.R.S. §1312. (Id. ¶ 22.) Baldwin was engaged by the defendants in the construction of a public work let to contract by the State of Maine, namely the renovations and upgrades of Route 88 in Yarmouth, Maine in the year 2010. (Id. ¶ 23.) The Bureau of Labor Standards of the Department of Labor of the State of Maine determined the fair minimum wage to be paid in the project described

above in the preceding allegation to be $16.13 per hour and $24.20 for overtime. (Id. ¶ 24.) While employed by the defendants Baldwin was paid less than the above wages during her work on the project above described. (Id. ¶ 25.)

## DISCUSSION

### *Subject Matter Jurisdiction and Personal Jurisdiction*

Foley contends that there is no subject matter or personal jurisdiction over him primarily because of Baldwin's failure to take her complaint directly to the Maine Department of Labor. (Mot. Dismiss at 2-3.) This is a frivolous contention both with regards to federal question subject matter jurisdiction, see 29 U.S.C. § 216(b); see also Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003), and with regards to personal jurisdiction over a defendant who lists his address as 24 Republican Avenue, Oxford, Maine and is being sued by a plaintiff who also lists her address as being in Oxford, Maine for a work arrangement that concerned flagging work in York, Maine, see generally Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703-704 (1982). There is little doubt on the face of the current pleading that jurisdiction lies with this court.

### *Due Process and Exhaustion of State Procedures*

In his motion to dismiss Foley also maintains that he has some sort of affirmative defense because his due process rights were violated when Baldwin failed to proceed with voluntary mediation afforded by Maine Law. See 26 M.R.S § 893 ("Mediation procedures as provided by section 965, subsection 2, shall be followed whenever either party to a controversy requests such services and the Maine Labor Relations Board or its executive director finds that the dispute is subject to settlement through mediation and that it is in the public interest to mediate."). At this motion to dismiss phase I have no record evidence before me; it is purely based on the factual

allegations of Baldwin's complaint. Given the complexities of this case, I will not take the course of converting this pending dispositive motion into one for summary judgment. See Fed. R. Civ. P. 12(d). Foley has flooded the docket with exhibits in his reply to the motion to dismiss that may or may not have relevance as this litigation proceeds. What I am certain about at this juncture is that if Foley is relying on this rucksack full of evidence to substantiate his defense, these matters must be decided on an evidentiary record if the parties cannot resolve the matter before the summary judgment or trial phases.

With regards to the FLSA claim Foley is now getting the process he is due in terms of a fair review of the merits of Baldwin's complaint and, in the future, the potential of a class action expansion of her cause of action to embrace others. Whether or not the Court will fully adjudicate the state law claims will be dependent on a much fuller record of how the claims interrelate to the federal claims.

*Venue/Ripeness*

In an argument connected to the above discussion, Foley contends that this court is an improper venue because of the failure of Baldwin to first access the administrative remedies available under state law. This argument is unpersuasive as it relates to the FLSA claim which is the only basis for this court to exercise jurisdiction over this action. See O'Brien v. Town of Agawam, 350 F.3d 279, 285 & n.12 (1st Cir. 2003). With respect to the state law claims, on the face of the statute proceeding <u>first</u> through 26 M.R.S § 893 does not appear to be a mandatory prerequisite to litigating state law claims[4]; rather, this enactment is an effort to provide litigants involved in an employment related dispute with an alternative to proceeding directly to court, see 26 M.R.S. § 891 ("It is declared to be the policy of the State to provide full and adequate

---

[4] In my research I could not find a single Maine case that cited this statute which was apparently enacted in the 1970s.

facilities for the settlement of disputes between employers and employees or their representatives and other disputes subject to settlement through mediation."). In any event, Foley has failed to adequately defend this theory of a want of venue.

*Request for Rule 11 Dismissal*

Foley requests sanctions against Baldwin under Federal Rule of Civil Procedure 11(c). His request for sanctions at this stage of the civil action is more likely to be characterized as frivolous than is Baldwin's complaint. As Baldwin asserts,

> a claim in a complaint is not violative of Rule 11 merely because of the possibility that it could have been filed somewhere else more convenient to the defendant and less costly to the parties. The substance of the complaint is what determines if there is a bad faith filing of a frivolous lawsuit. Counsel for plaintiff represents that he has a good faith basis with reliable information from a source other than from the plaintiff that the defendant has not properly compensated the plaintiff.

(Resp. Mot. Dismiss at 3.) Furthermore, at this early stage of the litigation the Court cannot conclude that Baldwin's class action allegations are overly "ambitious." (Reply Mot. Dismiss at 2.) Whether or not this suit is amenable to class certification is not on the table at this time. I forewarn Foley that Rule 11 applies to both sides of this litigation and the Court will be mindful as to how the plaintiff and the defendants in this litigation conduct themselves as this case progresses. See Mendez-Aponte v. Bonilla, __ F.3d __,__, 2011 WL 2652446, 6 -7 (1st Cir. July 8, 2011) (indicating that carelessness in advancing dispositive motion pleadings can be 'culpable' under Federal Rule of Civil Procedure 11).

*Failure to Join a Necessary Party*

Finally, I conclude that Foley has absolutely not presented a sufficient case for why the Maine Department of Transportation is a necessary party to this litigation. His premise is that the department must review on a weekly basis all pay checks for the defendants' employees before the pay checks are issued. He cites Federal Rule of Civil Procedure 12(b)(7) which

references Rule 19. (Mot. Dismiss at 3.) Foley does not revisit this argument in his reply memorandum. It is Foley's burden to persuade the court that a joinder of the Maine Department of Transportation is required under Rule 19 and his brief suggestion of this issue in his motion to dismiss does not approach meeting this onus. See Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 16 (1st Cir. 2008); Harhay v. Starkey, Civil Action No. 08-CV-30229-MAP, 2010 WL 1904874, 6 (D. Mass. May 10, 2010).

## CONLUSION

For the reasons stated above I recommend that the Court deny Foley's request for dismissal of the complaint allegations as they pertain to him. This disposition does not address the claims against the two co-defendants.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

July 12, 2011.